### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

F I L E D

JAN 1 8 2000

**Phil Lombardi, Clerk**
**U.S. DISTRICT COURT**

| | | |
|---|---|---|
| JOLENE SMITH and<br>JAN PRAWDZIK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 98 CV 0843 H (J) |
| | ) | |
| MORRISON KNUDSEN<br>CORPORATION, and SECOR<br>INTERNATIONAL, INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT
### MORRISSON KNUDSEN'S  MOTION IN LIMINE TO EXCLUDE
### PLAINTIFFS' EXPERT WITNESSON ALLEGED LOST INCOME

COME NOW, the Plaintiffs, Jan Prawdzik ("Prawdzik") and Jolene Smith ("Smith"), by and through their attorneys of record, Patrick J. Malloy, III, and James R. Huber, and hereby submit their Response to Defendant Morrsion Knudsen Corporation's ("MK") Motion In Limine to exclude from evidence the testimony of Plaintiffs' expert witness on the lost back wages and lost future income suffered by the Plaintiffs, and in support of the same would state as follows:

### ARGUMENT AND AUTHORITIES

**I.     BARNES IS AN EXPERT AS TO THE SUBJECT MATTER OF HIS TESTIMONY; HIS TESTIMONY IS RELIABLE AND WILL ASSIST THE TRIER OF FACT**

The Plaintiffs intend on calling Gary Barnes ("Barnes") as an expert, to testify as to the lost back wages and lost future income suffered by the Plaintiffs.  MK argues that Barnes is not an expert on lost income and therefore should not be allowed to testify.   However, Barnes is qualified to testify as an expert as to the Plaintiffs' back lost wages and future lost income.  He has a degree in accounting and  has over twenty five years of experience in the field of accounting

and financial consulting. (See Exhibit A, Barnes Resume). He has testified in over 150 termination cases in both federal and state court, providing both deposition and trial testimony on the subject. (See Exhibit A, Barnes Resume). Barnes has testified on lost income in the courtroom over forty times. (See Exhibit B, Barnes Dep. P. 8). In fact Mr. Barnes testified as an expert witness on lost income in the United States District Court for the Northern District of Oklahoma, in the matter of <u>Allan Farris & Kelly Farris v. Wal-Mart Stores, Inc.</u> Case No. 95-C-457-E, as well as in the United States District Court for the Western District of Oklahoma. (See Exhibit B, p. 11, and Exhibit C, Plaintiffs' Expert Disclosure). Clearly, Barnes has the qualifications and experience to assist the trier of fact to understand the amount of Plaintiffs back lost wages and future lost income. See <u>Bogosian v. Mercedes-Benz, Inc.,</u> 104 F.3d 472, 476 (1st Cir.1997).

Clearly Barnes has the experience and training to qualify as an expert as to the Plaintiffs back lost wages and future lost income.

## II    BARNES TESTIMONY IS RELIABLE AND WILL ASSIST THE TRIER OF FACT

Barnes testimony is also reliable. Although MK states that there is no basis for Barnes' reports, the calculations are based upon the Plaintiffs payroll records before and after their termination. MK find fault with that fact, but for no apparent reason. The Plaintiffs income before and after their termination are the most relevant factors in calculating both past lost wages and future lost income. Barnes also takes into account the Plaintiffs ages, life expectancies, work-life expectancies, average number of remaining years in the labor force and average number of years remaining until final retirement. (See Exhibit D, Loss Projection for Jan Prawdzik). When doing the calculations, Barnes takes into account the average number of years remaining until final retirement and remaining years in the labor force. Contrary to MK's argument, said

figures were obtained from the U.S. Department of Labor, Bureau of Labor Statistics, and material reprinted from the "Revised Worklife Tables of Labor". (See Exhibit D, Loss Projection for Jan Prawdzik). Data on the average number of years until final retirement from the labor force is derived from the "The Use of Worklife Tables in Estimates of Lost Earning Capacity". (See Exhibit D, Loss Projection for Jan Prawdzik).

MK's complaints regarding the methodology, errors or inconsistencies of Barnes calculations is an issue to be addressed in cross-examination. Barnes' use of the 5.2 % T-Bill rate represents a conservative, risk free rate of return as opposed to a speculative higher rate. Finally, at the time Barnes gave his deposition, Defendant SECOR had not provided requested documents indicating the value of Plaintiffs fringe benefits. Barnes use of a minimum wage figure in calculating Smith's lost wages despite the fact that she was not working, does not render the calculations incorrect, but merely reduces the amount of damages she is claiming. (See Exhibit E, Smith Loss Projection).

Finally, Barnes calculations are based upon facts that can be reviewed. Although MK argues that Barnes calculations do not meet the *Daubert* standards "application of the Daubert factors is unwarranted in cases where expert testimony is based solely upon experience or training...In such cases, FRE 702 merely requires the trial court to make a preliminary finding that the proffered expert testimony is both relevant and reliable while taking into account the inquiry envisioned by Rule 702 is . . . a flexible one." Deimer v. Cincinnati Sub-Zero Prods., 58 F.3d 341, 344 (7th Cir.1995).

Not only is Barnes testimony reliable, but it is relevant, and is not unduly prejudicial. The evidence offered by Barnes is simple and strait forward and will not cause unfair prejudice.

## III.     EVIDENCE OF FRONT PAY IS ADMISSIBLE

MK argues that Plaintiffs are excluded from offering evidence concerning future lost wages damages. MK's argument for exclusion is that an any award of front pay must be made by the court not the jury. That is incorrect. If successful under their Title VII claims, the Plaintiffs would be entitled to recover "future pecuniary losses". See 42 U.S.C. § 1981a(b)(3). One of the central purposes of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination. See Carter v. Sedgwick County, Kan, 36 F.3d 952, 957, (10th Cir.1994). "Courts should strive to award the most complete relief possible." Id. at 957, quoting Pitre v. Western Elec., Co., 843 F.2d 1262, 1274 (10th Cir.1988).

Although reinstatement is the preferred remedy in Title VII cases, where reinstatement is inappropriate due to hostility in the work place, future damages may be awarded. Equal Employment Opportunity Commission v. Prudential Federal Savings and Loan Association, 763 F.2d 1166, 1172-73 (10th Cir.1985). If the Plaintiffs can establish that reinstatement is inappropriate, then the jury should decide if damages should be awarded for future lost wages and the amount of said damages. See Marshall v. TRW, Inc, Reda Pump Div, 900 F.2d 1517, 1522 (10th Cir.1990).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully requests that MK's Motion In Limine be denied and that the Plaintiffs' be allowed, both directly and indirectly refer to and introduce, throughout the course of the trial, the above described evidence.


Respectfully submitted,

MALLOY & MALLOY, INC

&

THE J. R. HUBER FIRM, P.C.

By: _____
James R. Huber, OBA #15173
Patrick J. Malloy, III, OBA #5647
1924 South Utica, Suite 820
Tulsa, Oklahoma 74104-6515
Telephone: (918) 749-6692


## CERTIFICATE OF MAILING

The undersigned does hereby certify that on the 18 of Janu, 1999, a true and correct copy of the above and foregoing instrument was placed in the United States mail, proper postage fully prepaid thereon, to the following:

David Strecker
15 West Sixth Street
Tulsa, OK 74119-5410

Bill Fisher
320 South Boston, Suite 400
Tulsa, OK 74103

Elaine R. Turner
100 N. Broadway Suite 2900
Oklahoma City, OK 73102

_____
James Huber

*Resume*

**Gary Barnes**
7030 S. Yale - Suite 104
Tulsa, Oklahoma 74136

| | |
|---|---|
| **Age:** | Forty Nine |
| **Phone:** | 918-492-2993 |
| **Education:** | B.S. Degree, Major in Accounting |
| | (Minors in Business & Economics) |
| | Graduated 5-16-72 |
| | Northeastern State University |
| | Tahlequah, Oklahoma |

## Employment History

| | |
|---|---|
| **1983-1999** | Barnes & Barnes, Inc. |
| **1972-1983** | Various Corporate Accounting Positions with Tulsa Companies |

## Professional Experience

Over twenty five years experience in the field of accounting, financial consulting and tax work. Have prepared tax returns consisting of corporate, partnership, fiduciary, individual, and various other federal and state tax returns. Have represented clients in the following matters: corporate and individual IRS audits, criminal investigations, wage & hour audits, DOL investigations, etc.

Presently have about 50 Tulsa corporations on monthly retainer for accounting and tax work. Responsible for their monthly financial statements, credit lines and loan applications, tax preparation, business evaluation and financial consulting, insurance review, workers' comp audits, etc. Am on a first name basis with many officials with the IRS and Oklahoma Tax Commission.

Have prepared lost income calculations, including computation of lost future earnings discounted to present value, in over 150 wrongful termination cases. In addition to preparing the calculation, I have provided both deposition and trial testimony on this subject.

Have worked extensively with several panel trustees regarding companies in bankruptcy. This involves conducting business evaluations, preparing fiduciary tax returns, review and analysis of books and records, identifying and analyzing preferences and fraudulent conveyances, etc. Have appeared numerous times as an expert witness before State and Federal Courts.

Have served as Personal Representative/Administrator, Executor, Receiver, and Guardian for the Tulsa County District Court. Have been retained by FDIC for accounting and financial work regarding several companies and individuals in bankruptcy. Previously served as a Trustee for a six million dollar estate in Chapter 11 in the Eastern District of Oklahoma.

| | |
|---|---|
| Gary Barnes | Date |




**EXHIBIT**



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOLENE SMITH and JAN )
PRAWDZIK, )
                 )
         Plaintiffs, )
                 )
    -vs- )  Case No. 98-CV-0843H(J)
                 )
MORRISON KNUDSEN CORPORATION, )
and SECOR INTERNATIONAL, )
INCORPORATED, )
                 )
         Defendants. )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE DEPOSITION OF GARY BARNES, produced
as a witness on behalf of the Defendant Morrison
Knudsen Corporation in the above styled and numbered
cause, taken on the 17th day of August, 1999, in the
law offices of STRECKER & ASSOCIATES, 1600 NationsBank,
Tulsa, Oklahoma before me, Dalene Lawrence, a Certified
Shorthand Reporter duly certified under and by virtue
of the laws of the State of Oklahoma, pursuant to the
stipulations hereinafter set forth.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A-P-P-E-A-R-A-N-C-E-S

FOR THE PLAINTIFFS:           MR. JIM HUBER
                              Malloy & Malloy
                              1924 South Utica
                              Tulsa, OK 74114

FOR THE DEFENDANT,        MR. DAVID STRECKER
  MORRISON KNUDSEN       Attorney at Law
  CORPORATION:             1600 NationsBank
                              Tulsa, OK 74103

FOR THE DEFENDANT,        MS. LESLIE RINN
  SECOR INTERNATIONAL,   Attorney at Law
  INCORPORATED:           320 South Boston
                              Tulsa, OK 74103

**EXHIBIT**

B

1   A  No.

2   Q  Have you ever written any publications on

3 the subject of calculating lost wages?

4   A  No.

5   Q  What professional associations are you a

6 member of?

7   A  Oh, the Jenks Football Club, I guess the

8 Jenks Trojan Booster club is about the only thing I'm

9 affiliated with.

10   Q  There's no accounting organization that

11 you're a member of?

12   A  No. Could you imagine how boring those

13 meetings would be if you went to one?

14   Q  Well, I won't comment on that. I guess

15 us lawyers maybe don't have much room to talk on that

16 sort of thing. Well, you indicated you've testified in

17 court on this issue of calculating lost income before.

18 About how many times do you suppose you've testified on

19 that subject?

20   A  Well, by trial testimony and deposition

21 testimony, collectively probably in excess of 100

22 times.

23   Q  How many times in the courtroom itself in

24 front of a judge or jury?

25   A  Oh, 40 or 50, maybe.

1          MR. HUBER:  Come here.

2          THE WITNESS:  I thought he was talking

3  about Tulsa only.

4      A     I have testified in the Western District

5  Federal Court several times.

6      Q     In Oklahoma City?

7      A     Yes.  And in Lawton.

8      Q     Can you remember the names of the parties

9  involved in the last Federal court case you've

10  testified at involving employment matters?

11      A     Lord, I couldn't remember what courtroom

12  it was, let alone the parties.  No, I don't log them or

13  try to schedule them or track them.  They just bleed

14  together.  I couldn't, I don't even know the last case

15  I testified in.  They just become numbers after a

16  while.

17      Q     Who was the attorney in the last case you

18  testified?

19      A     I don't know.

20      Q     Have you ever testified for Mr. Huber

21  before?

22      A     Yes, I have.

23      Q     And how many of those were employment law

24  cases?

25      A     Well, I think each time I've testified at

han that?

A    No.

Q    Was Mr. Huber the one who approached you, or someone else?

A    I believe it was Mr. Huber.

Q    What does your file contain in this matter?

A    It contains some photocopies of source documents like W-2 forms and payroll stubs, stuff that I referred to earlier to establish what their earnings were.  I have some hard copies of some of that.  I've got a client questionnaire that I have each person, have each client fill out when I first get involved.  It shows me their name, address, age, sex and some of this other stuff.  It's just a one-page questionnaire.  And I've got one of those filled out.  And then I've got a, I think I've got one or two faxes that I received from Mr. Huber's office.

Q    Anything else besides that?

A    I don't think so.

Q    Did I ask you the name of the company out in California that made that software?

A    Yes.

Q    And you didn't know the name?

A    No.  I bought it several years ago and I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

SEP 2 1999

*Phil Lombardi, Clerk*
*U.S. DISTRICT COURT*

JOLENE SMITH and )
JAN PRAWDZIK, )
        )
        Plaintiffs, )
        )
vs. )     Case No. 98 CV 0843 H (J)
        )
        )
MORRISON KNUDSEN )
CORPORATION, and SECOR )
INTERNATIONAL, INCORPORATED, )
        )
        Defendants. )

## PLAINTIFF'S DISCLOSURE WITH RESPECT TO EXPERT TESTIMONY IN COMPLIANCE WITH RULE 26(a)(2) F.R.C.P. AND APPLICABLE LOCAL RULES

COMES NOW the Plaintiff and, in compliance with relevant federal and local rules states:

1.    That the Plaintiff intends to call Gary Barnes as an expert to testify with respect to lost back wages and future income suffered by the Plaintiff as a result of his termination. Mr. Barnes' address and phone number is:

       Gary Barnes
       Cooper Oaks -Suite 104
       7030 South Yale
       Telephone: (918) 492-2993

2.    Mr. Barnes' has prepared his rough drafts of his reports and the same have been produced to the Defendants.

             Respectfully submitted,

             MALLOY & MALLOY, INC

       By: _____
             Patrick J. Malloy, III, OBA 5647
             1924 South Utica, Suite 820
             Tulsa, Oklahoma 74104
             Telephone: (918) 747-3491
             ATTORNEYS FOR PLAINTIFF

**EXHIBIT**

C

**CERTIFICATE OF MAILING**

The undersigned does hereby certify that on the _1_ of _September_, 199_1_, a true and correct copy of the above and foregoing instrument was placed in the United States mail, proper postage fully prepaid thereon, to the following:

David Strecker
15 W. 6th
Tulsa, OK 74119

Leslie Rinn
320 South Boston Suite 400
Tulsa, OK 74103
Tulsa, Oklahoma 74135

_____
James R. Huber

## PLAINTIFF'S EXPERT'S REPORT SUBMITTED BY GARY BARNES

(a) Qualifications Of Expert - Attached as Exhibit "A" is a copy of Mr. Barnes' resume reflecting educational background and work experience.

(b) Statement Of All Opinions To Be Expressed - At the present time I have completed rough drafts of the Plaintiffs reports and my depostion has been taken.

(c) Basis For Expert Opinion And Data Relief Upon - The Report will be supplemented once the lost income analysis report has been completed.

(d) Compensation For Expert Services - The undersigned is to be paid $75.00 per hour for services rendered in the preparation of the calculation; deposition and/or trial testimony.

(e) Listing Of Cases Involving The Expert In Past Four Years - The undersigned testified on behalf of the Plaintiff who was represented by Patrick J. Malloy III. The jury returned a verdict for the Plaintiff for approximately $300,000.00. This case was thereafter settled in lieu of an appeal. Defendant's counsel in this matter was involved in the settlement negotiations.

In addition, the undersigned testified recently in the matter of Allan Farris & Kelly Farris, v. Wal-Wart Stores, Inc., United States District Court for the Northern District of Oklahoma, Case No. 95-C-457E, slip and fall case; prepared and testified about lost income resulting from permanent injuries.

Jury returned a Defendant's verdict.  The Plaintiff in this matter was represented by Pat Malloy, Jr., a partner in Malloy & Malloy, Inc.

The undersigned also provided deposition testimony in the matter of Kim Schweitzer v. Fred Jones Ford Corporation, U.S. District Court for the Western District of Oklahoma, Case No. CIV-95-932-M.  The Plaintiff in that matter was also represented by Mr. Malloy.  The Defendant's Motion for Summary Judgment in this sex discrimination case was sustained.

Both the undersigned and Plaintiff's counsel believe that the undersigned has provided trial and/or deposition testimony for Mr. Malloy in other matters over the years.  However, neither the undersigned nor Plaintiff's counsel has maintained a record of these matters.  The undersigned would advise the Defendant that he has been involved in one manner or another in over 100 cases for Mr. Patrick Malloy and several for Mr Huber.  Attached as Exhibit "B" is a list which represents a specification of the only matters the parties have a record of.  The disposition of these cases is also noted.  All of these cases involved plaintiffs that were represented by Mr. Patrick Malloy.

In addition, the undersigned has also testified on behalf of Mr. Malloy in numerous bankruptcy proceedings.  However, these matters did not involve lost income calculations.

Dated this ⊥⊥ day of September, 1999.

BARNES & BARNES, INC.

By: _____
       Gary Barnes

# RESUME

Gary Barnes
7030 South Yale ·104    Tulsa, Oklahoma   74136
Age: 49
Phone:  918-492-2993

**Education:**  Bachelor of Science Degree, May 1972
Northeastern State University · Tahlequah, Oklahoma
Major · Accounting, Minors · Business Administration and Economics

**Employment History**
| | |
|---|---|
| 1983 · Present | Barnes & Barnes, Inc. |
| 1972 · 1983 | Various Tulsa Companies |

**Professional Experience:**

Twenty Five years experience in the field of accounting, financial consulting and tax work.  Have prepared tax returns consisting of corporate, partnership, fiduciary, individual and various other federal and state tax returns.  Have represented clients in the following matters:  Corporate and individual IRS audits, criminal investigations, wage & hour audits, DOL investigations, etc. Presently represent approximately fifty Tulsa corporations and are responsible for accounting, tax preparation, financial statements, credit lines, loan applications, business evaluations, financial consulting, insurance review, workers comp audits, etc.  Am on a first name basis with many employees at the Internal Revenue Service and Oklahoma Tax Commission.

Have prepared loss projections schedules , including computation of future lost earnings discounted to present value, in over 150 wrongful termination cases.  In addition to preparing the damage calculation, I have provided both deposition and trial testimony.  Have worked extensively with many panel trustees regarding companies and individuals in bankruptcy.  This involves conducting business evaluations, preparing fiduciary tax returns, review and analysis of books and records, identifying and summarizing preferences and fraudulent conveyances, etc.  Have appeared numerous times as an expert witness before various state and federal courts.  Have served as personal representative, executor, receiver, guardian, and conservator in district courts.  Have been retained by the FDIC for accounting and financial work regarding various companies in bankruptcy.  Previously served as a trustee for a six million dollar estate in Chapter 11 in the Eastern District of Oklahoma.

*Gary Barnes*  8-31-99

EXHIBIT "B"

1.  OPAL BOWLIN v. BAKER HUGHES District Court of Rogers County,
    State of Oklahoma, Case No. CJ-97-240:

        wrongful termination - Plaintiff's won case ;
        prepared lost income calculation and
        testified

2.  ROBERT D. CABLE v. LAZY E TRAINING CENTER, Logan County
    District Court, Case No. CJ-94-4 (W):

        wrongful termination - settled prior to trial
        prepared lost income calculation
        no testimony

3.  KIMBERLEY DURYEA v. ROYAL VISTA PLASTICS, INC., U.S.
    District Court for the Northern District of Oklahoma, Case
    No. 94-C-1037 E:

        sexual harassment claim - settled prior to trial
        prepared lost income calculation
        no testimony

4.  JULIE M. FAIN v. PENTASTAR SERVICES, INC., Tulsa County
    District Court, Case No. CJ-94-03573:

        wrongful termination - pending
        prepared lost income calculation
        no testimony to date

5.  DESTRY GRAY v. U N R INDUSTRIES, U.S. District Court for the
    Eastern District of Oklahoma, Case No. CIV-94-323-P:

        wrongful termination - settled prior to trial
        prepared lost income calculation
        no testimony

6.  DENISE LIANE GRODEN v. K.P.I. ARCHITECTS, INC. and DAVID
    KINDRED, U.S. District Court for the Northern District of
    Oklahoma, Case No. 94-C-367-K:

        wrongful termination - settled prior to trial
        prepared lost income calculation
        no testimony

7.  RUSSELL KOSECHATA v. PUBLIC SERVICE COMPANY OF OKLAHOMA,
    Tulsa County District Court, Case No. CJ-93-05023:

        wrongful termination
        defendant's motion for summary judgment sustained
        prepared lost income calculation
        no testimony

8. TIMOTHY C. KOTT v. AMERICAN NATIONAL CAN COMPANY, U.S. District Court for the Western District of Oklahoma, Case No. CIV-95-554A:

   wrongful termination - settled prior to trial
   prepared lost income calculation
   no testimony

9. JOHN WESLEY LOFLIN v. THE H. E. LEONHARDT LUMBER CO., Oklahoma County District Court, Case No. CJ-92-7330-33:
   wrongful termination - settled prior to trial
   prepared lost income calculation
   no testimony

10. MANTHA v. LIQUID CARBONIC INDUSTRIES, 839 P.2d 200 (Okl.App. 1992):

    wrongful termination
    jury returned a verdict for approximately $300,000.00
    prepared lost income calculation
    no testimony (report admitted without testimony by agreement)

11. MARSHALL v. TRW, INC., 900 F2d 1517 (10th Cir. 1990):

    wrongful termination
    jury returned a verdict for approximately $500,000.00
    prepared lost income calculation
    may have testified

12. BETTY L. MATOS v. ALBERTSON'S, INC., Tulsa County District Court, Case No. CJ-93-0319:

    wrongful termination - settled prior to trial
    prepared lost income calculation
    no testimony

13. BILL NATION, SR. v. PIPING COMPANIES, INC., Tulsa County District Court, Case No. CJ-94-04172:

    wrongful termination - settled prior to trial
    prepared lost income calculation
    no testimony

14. RONNY SAM POFAHL v. MYERS-ABREY COMPANY, Tulsa County District Court, Case No. CJ-94-01717:

    wrongful termination - settled prior to trial
    prepared lost income calculation
    no testimony

15. GARY F. ROBINSON v. THE CITY OF BROKEN ARROW, OKLAHOMA, U.S. District Court for the Northern District of Oklahoma, Case No. 93-CV-618-K:

wrongful termination - settled prior to trial
prepared lost income calculation
no testimony

16. WILLIAM D. SHIETZE v. ITT FEDERAL SERVICES CORPORATION, U.S. District Court for the Western District of Oklahoma, Case No. CIV-95-763-L:

wrongful termination
prepared lost income calculation
not permitted to testify at trial

17. WILLIAM A. SHOOPMAN v. ROLLINS PROTECTIVE SERVICES COMPANY, Tulsa County District Court, Case No. CJ-90-4021:

wrongful termination
jury returned a verdict for approximately $60,000.00
prepared lost income calculation
may have testified

18. KENNETH TAYLOR v. SMITHCO ENGINEERING, INC., Creek County District Court, Case No. CJ-95-32:

wrongful termination - pending
has prepared lost income calculation
no testimony to date

19. MARCUS ANGELO TAYLOR v. EXIDE CORPORATION, Tulsa County District Court, Case No. CJ-95-05292:

wrongful termination - pending
has prepared lost income calculation
no testimony to date

20. JAMES L. TRAMMEL v. CAMCO INTERNATIONAL, INC., Washington County District Court, Case No. CJ-95-235:

wrongful termination - settled
has prepared lost income calculation

# JAN PRAWDZIK
## LOSS PROJECTION SCHEDULE

***BACK LOST WAGES...***

ANNUAL EARNINGS AT TERMINATION ($70,000 ANNUAL SALARY) — $70,000.00
COMPANY PAID BENEFITS (HEALTH, LIFE, DENTAL & 401-K) — $4,800.00

TOTAL ANNUAL COMPENSATION AND BENEFITS — $74,800.00

NUMBER OF MONTHS FROM OCTOBER 1997 THRU JULY 1999 (22)

AVERAGE MONTHLY COMPENSATION ($74,800.00 DIVIDED BY 12) — $6,233.33

TIMES NUMBER OF MONTHS
TOTAL BACK LOST WAGES — x 22 — $137,133.26

LESS POST TERMINATION EARNINGS:

C & C STRUCTURAL (ESTIMATED) — ($16,000.00)
DAVIS SURVEYING (PER 6-30-99 PAYSTUB) — ($14,187.00)
NET BACK LOST WAGES — $106,946.26

***PRESENT VALUE OF FUTURE LOST EARNINGS......***

ANNUAL COMPENSATION AND BENEFITS AT TERMINATION — $74,800.00
LESS CURRENT EARNINGS ($15.00 PER HOUR X 2,080 HOURS) — ($31,200.00)

DECREASE IN ANNUAL INCOME SINCE TERMINATION — $43,600.00

PRESENT VALUE OF    $43,600.00    @ 5.2% FOR 13 YEARS
      EQUALS    $404,672.55

TOTAL DAMAGES SUMMARY:

TOTAL NET BACK LOST WAGES — $106,946.26
PRESENT VALUE OF FUTURE LOST EARNINGS — $404,672.55

TOTAL DAMAGES — $511,618.81

NAME: JAN PRAWDZIK
AGE: 49
DATE OF BIRTH: 12-27-49
EDUCATION: BACHELORS DEGREE
RACE: WHITE
SEX: MALE
INTEREST RATE: 1 YEAR T-BILL RATE AS OF 8-12-99
DATE OF TERMINATION: 10-20-97
EMPLOYER: SECOR INTERNATIONAL
OCCUPATION: PROJECT SUPERINTENDENT

1st DRAFT

*Gary Barnes*    8-16-99
GARY BARNES       DATE

**BARNES & BARNES, INC.**
**7030 S. YALE, SUITE 104**
**TULSA, OK 74136**

PRAWDZJA.XLS



EXHIBIT

D

FUTURE DAMAGE AND PRESENT VALUE CALCULATOR    DATE: 08/
£££ DATA WRITE-UP, INC. 3150 E. 41ST ST, SUITE 108, TULSA  OK  74105 00

Client Name:  JAN PRAWDZIK

Age: 49          Sex (M/F): M     Race (W/B/O): W          Life Expectancy:
                        Percent of Disability: 100%

Worklife Expectancies

Worklife Expectancy Based on Educational Attainment    15.4

Average Number of Years Remaining Until          Average Number of Remaining Year
Final Retirement From the Labor Force                    Labor Force Participation
                12.7                                            13.4

Calculation of Future Lost Earnings

Enter Interest Rate: 5.2  Enter Annual Earnings: $ 43,600  Enter Years:

Present Value Amount: $      404,672.55

Worklife duration figures were obtained from the U. S. Department of
Labor, Bureau of Labor Statistics, compiled as of September, 1985;
and material reprinted from "Revised Worklife Tables Reflect 1979-80
Experience", Monthly Labor Review, U. S. Department of Labor, August,
1985, author Shirley J. Smith, Demographic Statistician in the Bureau
of Labor Statistics. Data on average number of years until final
retirement from the labor force have been reprinted from "The Use of
Worklife Tables in Estimates of Lost Earning Capacity", Monthly Labor
Review, U. S. Department of Labor, April, 1983, author David M. Nelson,
Associate Professor of Economics, Western Washington University,
Bellingham, WA 98225. The data were extracted from U. S. Department of
Labor, Bureau of Labor Statistics, as of February, 1985.

EXHIBIT

tabbies

## JOLENE PRAWDZIK
## LOSS PROJECTION SCHEDULE

**BACK LOST WAGES...**

| | |
|---|---:|
| ANNUAL EARNINGS AT TERMINATION ($8.00 PER HOUR X 2,080 HOURS) | $16,640.00 |
| AVERAGE MONTHLY OVERTIME (40 HOURS X $12 PER HOUR X 12 MONTHS) | $5,760.00 |
| TOTAL ANNUAL COMPENSATION AND BENEFITS | $22,400.00 |

NUMBER OF MONTHS FROM APRIL 1997 THRU JULY 1999 (28)

| | | |
|---|---|---:|
| AVERAGE MONTHLY COMPENSATION ($22,400.00 DIVIDED BY 12) | | $1,866.66 |
| TIMES NUMBER OF MONTHS | X | |
| TOTAL BACK LOST WAGES | | 28 |
| | | $52,266.48 |

LESS POST TERMINATION EARNINGS:

| | |
|---|---:|
| OHM (PER CLIENT QUESTIONAIRRE) | ($1,800.00) |
| NET BACK LOST WAGES | $50,466.48 |

**PRESENT VALUE OF FUTURE LOST EARNINGS......**

| | |
|---|---:|
| ANNUAL COMPENSATION AND BENEFITS AT TERMINATION | $22,400.00 |
| LESS CURRENT EARNINGS ($5.15 PER HOUR X 2,080 HOURS) | ($10,712.00) |
| DECREASE IN ANNUAL INCOME SINCE TERMINATION | $11,688.00 |

| | | |
|---|---|---|
| PRESENT VALUE OF | $11,688.00 | @ 5.2% FOR 29 YEARS |
| EQUALS | $173,094.24 | |

TOTAL DAMAGES SUMMARY:

| | |
|---|---:|
| TOTAL NET BACK LOST WAGES | $50,466.48 |
| PRESENT VALUE OF FUTURE LOST EARNINGS | $173,094.24 |
| TOTAL DAMAGES | $223,560.72 |

NAME: JOLENE PRAWDZIK
AGE: 32
DATE OF BIRTH: 1-23-67
EDUCATION: HIGH SCHOOL DEGREE
RACE: WHITE
SEX: FEMALE
INTEREST RATE: 1 YEAR T-BILL RATE AS OF 8-12-99
DATE OF TERMINATION: 4-10-97
EMPLOYER: SECOR INTERNATIONAL
OCCUPATION: HAZARDOUS WASTE

DRAFT

*Gary Barnes* 8-13-99
GARY BARNES                DATE

BARNES & BARNES, INC.
7030 S. YALE, SUITE 104
TULSA, OK 74136

PRAWDZJO.XLS

**EXHIBIT**
E
tabbies

Client Name:  JOLENE PRAWDZIK

Age: 32        Sex (M/F): F      Race (W/B/O): W        Life Expectancy: 48.
                          Percent of Disability: 100%
                       Worklife Expectancies

     Worklife Expectancy Based on Educational Attainment    21.1

Average Number of Years Remaining Until        Average Number of Remaining Years
    Final Retirement From the Labor Force          Labor Force Participation
                28.7                                        20.6

---

                 Calculation of Future Lost Earnings

   Enter Interest Rate:  5.2  Enter Annual Earnings: $  11,688   Enter Years: 29

            Present Value Amount: $      173,094.24

Worklife duration figures were obtained from the U. S. Department of
Labor, Bureau of Labor Statistics, compiled as of September, 1985;
and material reprinted from "Revised Worklife Tables Reflect 1979-80
Experience", Monthly Labor Review, U. S. Department of Labor, August,
1985, author Shirley J. Smith, Demographic Statistician in the Bureau
of Labor Statistics. Data on average number of years until final
retirement from the labor force have been reprinted from "The Use of
Worklife Tables in Estimates of Lost Earning Capacity", Monthly Labor
Review, U. S. Department of Labor, April, 1983, author David M. Nelson,
Associate Professor of Economics, Western Washington University,
Bellingham, WA 98225. The data were extracted from U. S. Department of
Labor, Bureau of Labor Statistics, as of February, 1985.

EXHIBIT

E